UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CAROL WILKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV610-034 |
| | ) |
| G.R. SMITH, Magistrate Judge, | ) |
| B. AVANT EDENFIELD, Judge, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

In *Wilkerson v. Statesboro Police Dept.*, CV609-075 doc. 3, 2009 WL 4609603 (S.D. Ga. Dec. 2, 2009), this Court recounted vexatious litigant Carol Wilkerson's frivolous filings, including her persistence in citing the facially inapplicable Privacy Act (5 U.S.C. § 522a(g)(1)(C)) to support federal jurisdiction. *Wilkerson*, 2009 WL 4609603 at * 1-2. To deter further abuses, the Court concluded that

> for the next six months Wilkerson should be barred from filing any more lawsuits until she first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that she files. And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir.2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly

by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts). No litigant may clog this Court with repeated, frivolous filings.

2009 WL 4609603 at * 2.

Defying this Court, Wilkerson has just filed a new case against the undersigned and district judge presiding over her cases. Doc. 1. Frivolous on its face (she believes one can sue judges over disagreeable rulings in prior cases, and she once again cites the federal Privacy Act, doc. 1 at 3, 5), the Complaint is accompanied by no filing fee or payment bond, only Wilkerson's customary request that the taxpayers subsidize her assault on this Court by granting her in forma pauperis status. Doc. 2.

For jurisdictional purposes only, that motion (doc. 2) is **GRANTED**, but this case should be **DISMISSED WITH PREJUDICE** both procedurally (as she has posted no payment bond) and on the merits (as her suit is facially frivolous, which means no recusal is warranted).[1]  Finally, Wilkerson is warned that if she

---

[1] To recuse and thus burden another judge merely because a vexatious litigant has filed a "Take That!" complaint would only assist childish behavior. Abusive filings

2

continues to plague this Court with frivolous filings and no payment bond then the *Chapman* "auto-shred" remedy will be invoked (i.e., for six-month periods, the Clerk will be directed to simply shred upon receipt whatever she presents to this Court).

**SO REPORTED AND RECOMMENDED,** this 3rd day of May, 2010.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

must not be tolerated or enabled, but deterred by meaningful sanctions. Adverse rulings alone do not warrant recusal. *See Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 824-25 (11th Cir. 2009) (explaining that: (a) 28 U.S.C. §§ 144 and 455 govern recusal; (b) a § 144 affidavit must be timely filed; (c) the moving party must allege facts that would convince a reasonable person that bias actually exists; (d) alleged judicial bias must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties; (e) adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt; and (f) opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible); *United States v. Beiter*, 2010 WL 1375416 at * 2-4 (S.D. Fla. Apr. 6, 2010).